NOT FOR PUBLICATION                                                                                        CLOSED

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____

HUMPHREY COHEN,                          :

        Petitioner,           :        Civil Action No. 94-3257 (SRC)

        v.                    :

WILLIS E. MORTON, et al.,               :        **MEMORANDUM OPINION & ORDER**

        Respondents.          :
_____

**CHESLER, District Judge:**

    This matter comes before the Court upon the Clerk's receipt of Petitioner's application styled as a motion in Petitioner's instant Section 2254 matter, see ECF No. 24, and it is appearing that:

    Petitioner is a state prisoner serving a series of prison terms imposed by the Superior Court of New Jersey, Law Division, Essex County; one of these terms is a life sentence. See https://www6.state.nj.us/DOC_Inmate/details?x=1056715&n=0. On May 4, 1984, Petitioner's jury convicted him on one count of murder, one count of felony murder, one count of robbery and one count of unlawful possession of a weapon. See id.; see also State v. Cohen, 211 N.J. Super. 544, 546 (N.J. Super. Ct., App. Div. 1986). Although the possibility of death penalty was entertained during the conviction stage of Petitioner's trial, "[a]t a subsequent sentencing proceeding[,] the death penalty was eliminated as a possible punishment." Cohen, 211 N.J. Super. at 546. Therefore, Petitioner was sentenced to the series of prison terms he is currently serving. He appealed, and the Superior Court of New Jersey, Appellate Division, affirmed his

conviction and sentence.  See id. at 554.  The Supreme Court of New Jersey denied his petition for certification.  See State v. Cohen, 107 N.J. 115 (1987).

      Petitioner then filed an application for post-conviction relief ("PCR"), which was denied at all three levels of the state court.  See State v. Cohen, 137 N.J. 166 (1994).  Petitioner then commenced the second round of PCR proceedings that yielded the same result.  See State v. Cohen, 167 N.J. 636 (2001).  That prompted Petitioner to commence three more rounds of PCR proceedings and supplement the same with numerous motions for reconsideration, each yielding the same outcome, i.e., dismissal of all his challenges.  See State v. Cohen, 2006 N.J. Super. Unpub. LEXIS 2565, at *2, 9 (N.J. Super. Ct., App. Div. June 29, 2006).  When all those applications and motions were dismissed, another series of Petitioner's PCR applications and motions for reconsiderations followed, revisiting, inter alia, the issue of " jury charge [that] was [already] included in [Petitioner's] fifth PCR petition."  See State v. Cohen, 2010 N.J. Super. Unpub. LEXIS 2116 (N.J. Super. Ct., App. Div. Aug. 24, 2010).  That series of PCR applications and motions for reconsideration was analogously dismissed.  See id.; see also State v. Cohen, 207 N.J. 188 (2011).  Petitioner's multiple petitions for certiorari filed during these two decades of state litigation were invariably denied by the Supreme Court of the United States.  See, e.g., Cohen v. New Jersey, 132 S. Ct. 1640 (2012).

      Juxtaposed against that massive chain of state litigations was Petitioner's series of federal habeas proceedings commenced on July 12, 1994, pursuant to 28 U.S.C. § 2254.  There, Hon. Alfred M. Wolin ("Judge Wolin") denied Petitioner § 2254 relief, see Instant Matter, ECF Nos. 11 and 12, and dismissed Petitioner's multiple motions for reconsideration that followed.  See id., ECF Nos. 13, 14, 15 and 16.  On July 14, 1997, Petitioner's appeal from Judge Wolin's decision was dismissed by the Court of Appeals for the Third Circuit.  See id., ECF Nos. 20 and

21. Petitioner then thought the Court of Appeals' leave to file a second and successive Section 2254 petition. See id., ECF No. 22. On February 26, 2002, the Court of Appeals denied that application. See id. The motion at bar followed, being docketed on April 9, 2014; it re-raised Petitioner's challenges to the jury charge. See id., ECF No. 24. Since Judge Wolin retired from the federal bench in 2004, this matter was reassigned to the undersigned. See id., ECF dated Apr. 9, 2014.

Petitioner's motion presents a de facto successive Section 2254 petition filed without leave of the Court of Appeals. See id. ECF No. 24. Here, Petitioner relies on "state court precedents from over 100 years ago and contemporary state court and federal court rulings." Id. at 1. However, both state law precedents and current federal decisions are of no relevance to the analysis conducted for the purposes of federal Section 2254 review. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law'") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)); see also Yarborough v. Alvarado, 541 U.S. 652, 660 (2004) (a district court's analysis under § 2254(d)(1) turns on the relevant and clearly established Supreme Court precedent existing at the time of entry of the state court's decision under attack). In addition, under 28 U.S.C. § 2254(e)(2), an application for Section 2254 relief may escape the bar on successive/untimely petitions only if

> (A)   the claim [asserted therein] relies on--
>    (i)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>    (ii)   a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B)   the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.[1]

---

[1] See also 28 U.S.C. § 2244(b)(3)(A) (before a second or successive petition may be filed in district court, the petitioner must apply for a certification from the appropriate United States court of appeals); accord 28 U.S.C. §§ 2244 (b)(2)(A) & (3)(A)-(C); 28 U.S.C. § 2255(h)(2).

Here, Petitioner's motion expressly states that he is relying on older state law and current law, not a "new" Supreme Court precedent retroactively applicable to cases on collateral review. The motion also verifies that he is not invoking new evidence that could not have been discovered previously with releasable diligence. Finally, the motion fails to even suggest that no reasonable factfinder would have found Petitioner guilty of the underlying offenses had that factfinder been given the jury charge Petitioner is advocating for. Therefore, no matter how the Court were to slice it, the motion at bar is merely a successive Section 2254 petition filed without the required leave.

IT IS, therefore, on this 17th day of April, 2014,

ORDERED that the Clerk shall reopen this matter by making a new and separate entry on the docket reading, "CIVIL CASE REOPENED"; and it is further

ORDERED that Petitioner's motion, ECF No. 24, is deemed his new petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254; and it is further

ORDERED that the Clerk shall make a new and separate entry on the docket of this matter reading, "MOTION, ECF No. 24, IS RECARACTERIZED.  A NEW MATTER IS COMMENCED FOR PETITIONER.  THE MOTION IS DISMISSED"; and it is further

ORDERED that the Clerk shall close the file on this matter by making a new and separate entry on the docket reading, "CIVIL CASE CLOSED.  NO FIRTHER SUBMISSIONS SHALL BE MADE IN THIS MATTER"; and it is further

ORDERED that the Clerk shall commence a new and separate matter for Petitioner designating "HUMPHREY COHEN" as "Petitioner," "WARDEN OF PETITIONER'S PLACE OF CONFINEMENT" as "Respondent," "Cause" as "28:2254 Petition for Writ of Habeas Corpus (State)" and "Nature of Suit" as "530 Habeas Corpus (General)"; and it is further

ORDERED that the Clerk shall docket this Memorandum Opinion and Order in the new Section 2254 matter commenced for Petitioner; and it is further

ORDERED that the Clerk shall docket Petitioner's motion (docketed in this matter as Docket Entry No. 24) in the new Section 2254 matter commenced for Petitioner, accompanying that docket entry with the docket text reading, "Petition"; and it is further

ORDERED that the Petition docketed in the new Section 2254 matter is dismissed for lack of jurisdiction and, in addition, as untimely; and it is further

ORDERED that no certificate of appealability shall issue, see <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000); <u>Walker v. Gov't of the Virgin Islands</u>, 230 F.3d 82, 89-90 (3d Cir. 2000); and it is further

ORDERED that, within thirty days from the date of entry of this Memorandum Opinion and Order, Petitioner shall submit, in his new Section 2254 matter, either $5.00 filing fee or his complete <u>in forma pauperis</u> application, see <u>Hairston v. Gronolsky</u>, 348 F. App'x 716, 718 (3d Cir. Oct. 15, 2009) (citing <u>Hall v. Stone</u>, 170 F.3d 706, 707 (7th Cir. 1999), for the observation that the prisoner's legal obligation to pay the filing fee or obtain <u>in forma pauperis</u> status is automatically incurred by the very act of raising a legal claim); and it is further

ORDERED that Petitioner's application at bar shall not be construed as an implied application to the Court of Appeals for leave to file second/successive Section 2254 petition since, in light of the Court of Appeals' prior denial of Petitioner's application to that effect, such construction and forwarding of Petitioner's application at bar to the Court of Appeals does not appear in the interest of justice;[2] and it is further

---

[2] No statement in this Memorandum Opinion and Order: (a) prevents Petitioner from filing an application for leave on Petitioner's own; and (b) shall be construed as expressing this Court's position that Petitioner's application for leave, if filed, would be meritorious.

ORDERED that the Clerk shall administratively terminate the new Section 2254 matter commenced for Petitioner by making a new and separate entry on the docket of that matter reading, "CIVIL CASE TERMINATED."  See Papotto v. Hartford Life & Accident Ins. Co., 731 F.3d 265 (3d Cir. 2013) ("administrative closings . . . are a practical tool used by courts to prune overgrown dockets and are particularly useful in circumstances in which a case, though not dead, is likely to remain moribund"); and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail and enclose in said mailing: (a) a copy of the docket sheet generated in the new Section 2254 matter commenced for Petitioner; and (b) a blank in forma pauperis application for incarcerated individuals seeking to prosecute a § 2254 action.

      s/ Stanley R. Chesler
**STANLEY R. CHESLER,**
**United States District Judge**